KEVIN V. RYAN (CSBN 118321)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
DAVID J. KENNEDY (NYBN 2863181)
Special Assistant United States Attorney
SARA WINSLOW (DCBN 457643)
Assistant United States Attorney

    450 Golden Gate Ave., Box 36055
    San Francisco, CA 94102
    Telephone: (415) 436-6925 (Winslow)
    Facsimile: (415) 436-6748

    86 Chambers St., 3rd Floor
    New York, NY 10007
    Telephone: (212) 637-2733 (Kennedy)
    Facsimile: (212) 637-2686

Attorneys for Plaintiff United States

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO HEADQUARTERS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>NATURE'S FARM PRODUCTS, INC.,<br>DENNIS CHOI, and PETER PIZZO,<br><br>    Defendants. | No. C 04-2068 VRW<br><br>**STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER BETWEEN THE UNITED STATES AND DEFENDANT PETER PIZZO** |

## I. PARTIES

This Stipulated Settlement Agreement and Order ("Stipulation and Order") is entered into between the United States of America (the "United States"), by its attorney Kevin V. Ryan, United States Attorney for the Northern District of California, and Peter Pizzo ("Pizzo"), through their authorized representatives.

## II. PREAMBLE

WHEREAS, on or about September 1, 2000, a *qui tam* action was filed in the United States District Court for the Southern District of New York (the "Civil Action"); and

WHEREAS, the United States intervened in the Civil Action on October 10, 2003, and filed the Complaint of the United States on October 10, 2003; and

WHEREAS, this action was subsequently transferred to this Court by order dated May 13, 2004; and

WHEREAS, the Complaint of the United States alleges that it has certain civil claims against Pizzo pursuant to the False Claims Act, 31 U.S.C. §§ 3729 et seq., and under the common-law theories alleged in the Complaint of the United States; and

WHEREAS, this Stipulation & Order covers all of the conduct alleged in the Complaint of the United States (hereinafter referred to as the "Covered Conduct"); and

WHEREAS, Pizzo hereby consents to the entry of this Stipulation and Order, without admitting any wrongdoing or liability under the False Claims Act and/or the common law; and

WHEREAS, to avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, Pizzo and the United States desire to reach a full and final settlement and compromise of the claims that the United States asserts in the Complaint of the United States.

### III. TERMS AND CONDITIONS

NOW, THEREFORE, Pizzo and the United States, in consideration of the mutual promises, obligations, undertakings, and commitments hereinafter set forth, do hereby covenant and agree as follows:

1.  Pizzo and the United States consent to this Court's exercise of subject matter jurisdiction over this action and personal jurisdiction over each of them. Pizzo and the United States agree that the exclusive jurisdiction and venue for any dispute arising between them under this Stipulation and Order will be the United States District Court for the Northern District of California.

2.  Pizzo agrees to pay, in full compromise and satisfaction of the allegations set forth in the Complaint of the United States, the sum of $27,500.00 (twenty seven thousand and five hundred dollars) (the "Settlement Amount"). The Settlement Amount shall constitute a debt due and owing to the United States upon the Effective Date of this Stipulation and Order and is to be

discharged by payment to the United States within twenty (20) business days of the entry of this Stipulation and Order. The Settlement Amount must be made in the form of a check or United States money order and made payable to the "U.S. Department of Justice." The Settlement Amount must be mailed to: <u>David J. Kennedy, AUSA, United States Attorney's Office, 86 Chambers Street, 3rd Floor, New York, NY 10007</u>.

3. Subject to the exceptions in Paragraph 6 below, in consideration of the obligations of Pizzo in this Stipulation and Order, conditioned upon Pizzo's full payment of the Settlement Amount, and subject to Paragraph 10 below (concerning bankruptcy proceedings commenced within 91 days of the Effective Date of this Agreement), the United States (on behalf of itself, its officers, agents, agencies, and departments) agrees to release Pizzo from any civil claim the United States has or may have for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; or the common law theories alleged in the Complaint of the United States.

4. Pizzo agrees to release the United States, its agencies, employees, servants, and agents from any claims (including attorneys' fees, costs, expenses of every kind and however denominated), which Pizzo has asserted, could have asserted, or may assert in the future against the United States related to the matters covered by the Complaint of the United States, and the United States' investigation and prosecution thereof and this Stipulation and Order.

5. This Stipulation and Order is intended to be for the benefit of the parties to this Stipulation and Order only, and by this instrument the parties to this Stipulation and Order do not release any claims against any other person or entity, except as expressly provided by this Stipulation and Order.

6. Notwithstanding any term of this Stipulation and Order, including the releases provided in Paragraphs 3 and 4, any and all of the following are specifically reserved and excluded from the scope and terms of this Stipulation and Order as to any entity or person:

   a. Any civil, criminal or administrative liability arising under Title 26, U.S. Code (Internal Revenue Code);
   b. Any criminal liability;
   c. Any administrative liability;

    d.    Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

    e.    Any claims based upon such obligations as are created by this Stipulation and Order.

7. In the event of a criminal prosecution or administrative action relating to the Covered Conduct, Pizzo waives and will not assert any defenses he may have based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Stipulation and Order bars a remedy sought in such criminal prosecution or administrative action. Nothing in this Stipulation and Order constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

8. Pizzo has provided sworn financial disclosure statements and other financial information ("Financial Statements") to the United States, and the United States has relied on the accuracy and completeness of those Financial Statements in agreeing to this Stipulation and Order. Pizzo warrants that the Financial Statements are thorough, accurate, and complete. Pizzo further warrants that he does not own or have an interest in any assets which have not been disclosed in the Financial Statements, and that he has made no misrepresentations on, or in connection with, the Financial Statements. In the event the United States learns of: (a) asset(s) in which Pizzo had an interest at the time of this Stipulation and Order that would change the estimated net worth of Pizzo set forth in the Financial Statements by ten thousand dollars ($10,000) or more, and which were not disclosed in such Financial Statements; or (b) a misrepresentation by Pizzo on, or in connection with, the Financial Statements, and in the event such non-disclosure or misrepresentation changes the estimated net worth of Pizzo set forth on the Financial Statements by ten thousand dollars ($10,000) or more; the United States may at its option: (1) rescind this Stipulation and Order and reinstate its Complaint in this action; or (2) let the Stipulation and Order stand and collect the full Settlement Amount, to which will automatically be added one hundred percent (100%) of the value of the net worth of Pizzo

previously undisclosed or concealed or dissipated, if such latter amounts can be determined. To the extent that the United States discovers the occurrence of an event(s) encompassed by subparts (a) through (b) of this Paragraph, Pizzo agrees not to contest any collection action undertaken by the United States pursuant to this provision.

9.  Pizzo warrants that he has reviewed his financial situation and that he currently is solvent within the meaning of 11 U.S.C. §§ 547(b)(3) and 548(a)(1)(B)(ii)(I), and will remain solvent following payment to the United States of the Settlement Amount. Further, the Parties warrant that, in evaluating whether to execute this Stipulation and Order, they (a) have intended that the mutual promises, covenants, and obligations set forth constitute a contemporaneous exchange for new value given to Pizzo, within the meaning of 11 U.S.C. § 547(c)(1); and (b) conclude that these mutual promises, covenants, and obligations do, in fact, constitute such a contemporaneous exchange. Further, Pizzo and the United States warrant that the mutual promises, covenants, and obligations set forth herein are intended and do, in fact, represent a reasonably equivalent exchange of value which is not intended to hinder, delay, or defraud any entity to which Pizzo was or became indebted on or after the date of this transfer, within the meaning of 11 U.S.C. § 548(a)(1).

10. If within 91 days of the Effective Date of this Stipulation and Order or of any payment made hereunder, Pizzo commences, or a third party commences, any case, proceeding, or other action under any law relating to bankruptcy, insolvency, reorganization, or relief of debtors, (a) seeking to have any order for relief of Pizzo's debts, or seeking to adjudicate Pizzo as bankrupt or insolvent; or (b) seeking appointment of a receiver, trustee, custodian, or other similar official for Pizzo or for all or any substantial part of Pizzo's assets, Pizzo agrees as follows:

  a. Pizzo's obligations under this Stipulation and Order may not be avoided pursuant to 11 U.S.C. § 547, and Pizzo will not argue or otherwise take the position in any such case, proceeding, or action that: (i) Pizzo's obligations under this Stipulation and Order may be avoided under 11 U.S.C. § 547; (ii) Pizzo was insolvent at the time this Stipulation and Order was entered into, or became insolvent as a result of the payment made to the United States; or (iii) the

mutual promises, covenants, and obligations set forth in this Stipulation and Order do not constitute a contemporaneous exchange for new value given to Pizzo.

        b.    If Pizzo's obligations hereunder are avoided for any reason, including, but not limited to, through the exercise of a trustee's avoidance powers under the Bankruptcy Code, the United States, at its sole option, may rescind the releases in this Stipulation and Order, and bring any civil and/or administrative claim, action, or proceeding against Pizzo for the claims that would otherwise be covered by the releases provided in Paragraphs 3 and 4 above. Pizzo agrees that (i) any such claims, actions, or proceedings brought by the United States are not subject to an automatic stay pursuant to 11 U.S.C. § 362(a) as a result of the action, case, or proceeding described in the first clause of this Paragraph, and that Pizzo will not argue or otherwise contend that the United States' claims, actions, or proceedings are subject to an automatic stay; (ii) Pizzo will not plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any such civil or administrative claims, actions, or proceeding which are brought by the United States within 30 (thirty) calendar days of written notification to Pizzo that the releases have been rescinded pursuant to this Paragraph, except to the extent such defenses were available on October 10, 2003; and (iii) the United States has a valid claim against Pizzo in the amount of $27,500.00, and the United States may pursue its claim in the case, action, or proceeding referenced in the first clause of this Paragraph, as well as in any other case, action, or proceeding.

        c.    Pizzo acknowledges that the agreements in this Paragraph are provided in exchange for valuable consideration provided in this Stipulation and Order.

11.    Pizzo shall be in default of this Stipulation and Order if he fails to make the payment set forth in Paragraph 2 on or before the specified due dates. The United States will provide written notice of the default to Pizzo, and Pizzo shall have an opportunity to cure such default within ten (10) business days from the date of his receipt of the notice. Notice of default will be sent by fax and overnight mail to the undersigned attorneys for Pizzo. If Pizzo fails to cure the default within ten (10) business days, the entire Settlement Amount shall be immediately due and payable, and interest shall accrue at the rate of 10% per annum compounded daily from

the date of default on the remaining unpaid principal balance. The United States, at its option, may: (a) rescind this Stipulation and Order and reinstate as against Pizzo the Complaint of the United States filed in this action; (b) seek specific performance of the Stipulation and Order; (c) seek entry of Judgment against Pizzo for any portion of the Settlement Amount that remains unpaid; (d) offset the remaining unpaid balance from any amounts due and owing Pizzo by any department, agency or agent of the United States at the time of default; and (e) exercise any other rights granted by law, or under the terms of this Stipulation and Order, or recognizable at common law or in equity. Pizzo agrees not to contest any offset imposed and not to contest any collection action undertaken by the United States pursuant to this paragraph, either administratively or in any State or Federal court. In addition, Pizzo shall pay the United States all reasonable costs of collection and enforcement under this Paragraph, including attorney's fees and expenses.

In the event that Pizzo fails to make the payment set forth in Paragraph 2 on or before its due date, and the United States opts to rescind this Stipulation and Order, Pizzo expressly agrees not to plead, argue or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel or similar theories, to any civil or administrative claims which relate to the Conduct, except to the extent these defenses were available on the date of entry of this Stipulation and Order.

12. The Parties each will bear their own legal and other costs incurred in connection with this matter, including costs incurred in connection with the preparation and performance of this Stipulation and Order.

13. This Stipulation and Order is governed by the laws of the United States.

14. Subject to the exceptions in Paragraph 6, in consideration of the obligations of Pizzo in this Stipulation and Order, conditioned upon Pizzo's timely full payment of the Settlement Amount, this action shall be dismissed with prejudice as to Pizzo as to all claims upon which the United States has intervened against Pizzo, as described in the Complaint of the United States, and to the extent of, and as governed by, this Stipulation and Order. The Court shall

retain jurisdiction over this Stipulation and Order and each party to the extent that the obligations herein remain unsatisfied by that party.

15. This Stipulation and Order constitute(s) the complete agreement between the Parties. This Stipulation and Order may not be amended except by written consent of the Parties.

16. The undersigned persons signing this Stipulation and Order on behalf of Pizzo represent and warrant that they are authorized by Pizzo to execute this Stipulation and Order. The United States signatories represent that they are signing this Stipulation and Order in their official capacities.

17. This Stipulation and Order may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Stipulation and Order.

18. This Stipulation and Order is effective on the date that this Stipulation and Order is entered by the Court.

IT IS SO STIPULATED.

Dated: December 14, 2005

KEVIN V. RYAN
United States Attorney

By: _____
SARA WINSLOW, AUSA
DAVID J. KENNEDY, SAUSA
Attorneys for Plaintiff, United States of America

Dated: December 1?, 2005

FINLEY & DEATON

By: _____
STEVEN FINLEY, Esq.
Attorney for Defendant Peter Pizzo

Dated: December 5, 2005

_____
PETER PIZZO

**ORDER**

Pursuant to stipulation, IT IS SO ORDERED.

DATED: December 21, 2005

VAUGHN R WALKER
United States District Judge